Infernal Technology v. Sony Can I say your name, Counsel? Eric Cooper Mr. Cooper? Yes Please proceed Thank you Your Honor, this case is up here on appeal from a denial of a motion for new trial in a patent infringement case involving video game technology What the court did wrong is it misapplied its established and existing claim constructions and improperly imported the construction of a term from the second step, 1B, is what it's called, of the claim into the third step, 1C, which is the storing step, the 1B is the providing step, and that importation was improper because the two steps were construed to have well, one was construed to have an entirely different claim construction than the one that the court imported into it step 1B did not even, the issue was, what is the perspective of the light data, the light image data that is viewed in order to do a rendering process and step 1B, the providing step, did not provide for a perspective, it just said what lighting image data is, but it did say, the claim didn't say, but the court construed it as viewed from the perspective of the light source step 1C, the storing step, said that when you store the rendered data, you store it in the observer's image, and those are two different images, one looking at the light So it seems to me that your argument is a claim construction argument, and yet you didn't raise it at claim construction, and you didn't even really raise it at trial Well it was raised in claim construction, in fact the parties agreed to the in the observer image construction Right, but they didn't agree that that meant the perspective was from the observer as opposed to the light source The court said that in several claim constructions, this is not the first case, the court in the Electronic Arts case, and then later in the Microsoft case, I'm talking about the same judge not just the same court, but the same judge had ruled that in the observer image and from the observer's perspective are essentially the same thing and Sony didn't dispute that, they agreed that Did the judge say in any case that the light accumulation buffer was storing light from the observer perspective? Yes, yes, in several, I know the EA case, we cited that, I don't have a Did it happen in this case that's in front of us today? The parties agreed to that construction, so the court didn't opine on it because the parties agreed, specifically and expressly agreed that the storing step was storing the light image data that gets accumulated in the observer's view, and that language came from the Electronic Arts case when the court said observer's view means the observer's image, and no one disputes that the two are synonymous, and so there isn't a question about whether in the observer's view means anything different than in the observer's perspective and that is required because in order to finalize the process of this rendering process, you have to generate what the eye sees, what the player sees it's a video game, and so what you do is you generate for display on the screen the light that is seen or not seen from the perspective of the observer that's the essence of the invention, and everyone agrees that's the whole point of this process is to generate what the observer sees that's only relevant, that's why you generate just that on the display screen, no one cares what it looks like from the sun's perspective and so therefore the entire invention was directed to ultimately combining the observer data with the light image data that's accumulated and producing a rendered view with lighting and shadows from the observer's perspective and the court's construction, when they imported, I shouldn't say construction, but when they misapplied, when he misapplied the construction he imported from the viewers, the viewpoint of the light source into the step that said the lighting data must be stored in the observer's view and you couldn't do both, those are inconsistent, there's no way to reconcile those two, and that was the error of his ways and I think, I'm speculating here, he didn't say why that happened, but he saw I thought the rule was that once a term is interpreted in one limitation and a claim or in one part of the limitation in one way it has the same meaning when it's repeated again I think that that rule is pretty ironclad unless there is a very clear indication in the patent that there should be a different meaning for that same term when it's used in a different place in the patent Well there are two answers to that issue, that's generally the rule, but in this case you had two things going on One is that the definition of light image data in step 1B, the providing step, had really two prongs to it, two aspects to it What is light image data? It defined that as 2D data and the rest of the definitions The perspective issue is a different thing, I agree with that, but that's been agreed Why it's been agreed, I don't quite know, but it was agreed by the project Well the providing step was from the light source's perspective, but the parties expressly agreed in 1C that the storing had to be done in the observer's perspective So that is the difference in the claim language and in the construction of that language that makes the, if they said it this way once, it applies equally no matter what The difference is that the perspective differs from 1B to 1C. Light image data is the same throughout the claim So we were not contending that the term light image data should be construed differently because there was no reason to differentiate between step 1B, the providing step, and step 1C, the storing step With your interpretation, once I got to the combining step in the claim, under your interpretation I would be in the combining step combining observer data with observer data No, no, it's light image data, it's just viewed from the observer's viewpoint as opposed to observed from the light source's viewpoint So you've taken the combining state, combining at least a portion of said light accumulation buffer, and then you've said that's going to be light from the observer's perspective You see what I'm saying? In terms of observing the claim, if I take the said light accumulation buffer, the way you have defined your second step, that's going to be observer data It is, because that's what the court said it is So then I'm going to be combining observer data with observer data No, no, it's from the observer's perspective. The observer data is like color. Observer data can be a number of things, but includes, for example, the color of something That is not the perspective. There are two things going on here. There is the type of data, which is light image data, which you can perceive that from a number of vantage points So basically you're saying observer information of some sort is different from observer data The observer view is one thing. The observer data, just like light image data, has its own meaning, which wasn't disputed. Everyone agreed on what that was So observer data and observer view are not the same thing What happens in this invention is that you have to understand from the light source's perspective what the light is hitting If there's a big building in the way of the sun or a tree, that has to be reflected in the ultimate output But the most important output is what is lit versus not lit from the observer's view That light source and the data generated by that light source doesn't change. It's the same light source, it's the same light, but how somebody sees it, the view, the perspective, is a different thing That distinction between perspective and type of data is where I think the judge made a mistake We're not trying to say the type of data changes, that remains the same, but whether you view it from the observer's view or you view it from the light source's view, that's the difference between the two steps And it has to be that way, otherwise you can't combine observer data It just seemed to me that you were basically arguing that this light data has two different meanings depending on which piece of the claim you're looking at Now you're looking at it, the perspective is one thing, but that's part of claim construction And it seemed to me that those arguments should have been made earlier And as I understand the way it worked here was that the jury was given the claim constructions that had been agreed on And the judge charged the jury to faithfully apply those And there's a normal rule, you know, when one has one meaning in one thing, it has another meaning in another And so I would have thought the reasonable jurors would have done exactly what Judge Gilchrist did on the motion But step 1c, your honor My point is, it seemed to me that your complaint should have been registered as the case was going to the jury No, because the claim construction was correct But the judge misapplied it by importing into step 1c the different construction for the viewpoint That was part of his claim construction Say what? That was part of his claim construction Yes, for 1b, but he imported into 1c Yes, I know, the perspective And that's not what he ruled when he construed these claims, but he mistakenly, I think, took the step He no doubt had in the back of his mind the general rule But the general rule doesn't apply here, because he expressly construed the viewpoint as the viewpoint of the observer So I'm not asking, I was not He did? Yes, in his claim construction, it says, in the observer's view In his claim construction, light accumulation buffer means memory for storing the light image data For cumulative light falling on a region in the observer image Well, that's your argument, the other side has an argument which I'm sure they'll give us in response Which is, you're just wrong in the way you're reading that In the observer image, it's from the observer's perspective No, it doesn't say perspective Yeah, perspective image view Your claim construction argument is image is perspective, but you didn't raise that Well, no, it's view It's the spot from the perspective the camera's looking at, because that's what the camera's looking at To decide whether there is, to see the shadows and fix it It's not the perspective of the viewer looking at the light, at least that's your adversary's interpretation Well, that applies in step 1b, because it says in the construction, from the viewpoint of the light source But in 1c, regarding the storing step, it doesn't say from said viewpoint or something like that It says in the observer's view, and it has to be that way Absolutely, you're of all time, do you want to speak to that? Yes, unless the court has any questions right now, I'll reserve the rest, thank you very much Good morning, and may it please the court Here's the heart of this case If the court applies the claim constructions that were agreed to below, there's no basis at all to disrupt the jury's verdict You wouldn't have us reach the cross appeal if that happens, right? That's absolutely right, your honor Am I correct in understanding that from his oral argument, he only addressed one of the claim constructions And not the order of steps, sequence of steps, is that right? That's my understanding as well, your honor Okay, so if you don't address it, it's done, keep going Thank you, I'd like to direct the court's attention to one statement that was made in the appellant's opening brief And this is at page 34 and 35 of their brief, I think this gets to the heart of this issue And I want to quote it because I think it really matters They say, the appellant's interpretation, quote, precludes the possibility that the light image data stored in the light accumulation buffer Is viewed from the light source's perspective So their interpretation would preclude that possibility And then if you turn to the agreed constructions in this case The agreed construction for light image data is that it is from the light source's perspective So those things are in conflict and you can't reconcile those two views The agreed construction We're told that you agreed that the light accumulation buffer is storing the image data from the perspective of the observer That you agreed expressly in, I guess, the electronic arts case And at least implicitly here What do you say to that? No, your honor, we definitely do not agree with that And I would point to the claim construction itself of the light accumulation buffer The claim construction of light accumulation buffer is, quote, memory for storing the light image data For cumulative light falling on a region in the observer image corresponding to the modeled point Now there's two points to make about that construction, your honor One is, it expressly says light image data in that construction And we already know what light image data is Because the parties agreed and the court construed that term To mean that it's data viewed from the light source's perspective And then the second point, your honor It doesn't say anything about the observer perspective there His argument is, that's the whole point His argument is that if you refer to the observer image It has to be that the light source, the light image data is from that perspective His case stands or falls on that point I agree, your honor, and I think it should fall on that point Because the construction itself does not say anything about the observer's perspective And the construction does say expressly that it includes light image data Which the parties agreed is viewed from the light source's perspective Your point is that the observer image is the thing that the camera is looking at The picture, if it was If you're trying to take a picture of this courtroom That's the observer image And then falling on a region is the portion of it Exactly, your honor, that's exactly right So the context here is a video game And it's a scene in a video game And apparently at claim construction there was no discussion about the possibility Of the observer image in this language having the meaning that your adversary thinks it does That's exactly right, your honor I would think that if the parties intended to say from the observer's perspective there That's certainly something that could have happened as part of claim construction But it was not Well, especially if that was the key from which you're going to deviate from the ordinary rule That light image data will have the same meaning where it shows up in the claims I completely agree, your honor, I think that's exactly right And so I'm sorry, I'm still struggling with where I could look to know that you disagreed With the patentee's interpretation of observer image Because he just repeatedly says you agreed to it and it was agreed to in an earlier case So obviously you agreed to it here Yeah, I think the best evidence for that, your honor, is the claim construction itself That was agreed And the claim construction itself doesn't say anything about the observer perspective And if I look at the electronic arts case will I also find disagreement there Or are you familiar with that record? I believe they were the same constructions in that case, your honor That's my recollection But I know for a fact in this case If you look at the agreed construction for the light accumulation buffer That does not say observer perspective Well, you're making your argument about what observer image means in your brief, correct? What light image data means, your honor No, in the light accumulation buffer The debate is whether the words observer image simply means a place The thing the camera's looking at, the overall picture Or whether it means something like what the light image data Or the perspective from which it's looked at That's the key question here And there didn't seem to me to be any discussion about that in front of the judge At any point in time, that distinction And you clearly make that argument in your brief Yes, I think that's right, your honor So I think that at trial, the way we were presenting it I understood Judge Stark to be questioning about Where in the record are these points cemented So we can look and see them in the record As opposed to things that weren't discussed That are basically being argued in the briefs here Yes, and I think the best evidence again, your honor Is the agreed claim constructions And that's because the agreed claim construction for light image data Expressly says that it's viewed from the light source's perspective And the agreed claim construction for light accumulation buffer Expressly says that it's a memory for storing the light image data What about the jury verdict? Assuming we're all in favor of you on one limitation and not on the other Does the case have to go back? Not at all, your honor Why not? Because they have not demonstrated that there's an absence of evidence for the second point The second point was a sequence of steps And in order for the court to find that If they don't agree with us on one point that they have to send it back They would have to demonstrate It's their burden to demonstrate an absence of any evidence To support the jury's finding that the order of steps Was out of order in the accused's products They haven't done so Was the jury verdict a specific verdict that actually articulated that? It was not, your honor So how do we know that the jury rendered its verdict on that basis As opposed to the first basis? So I think this case is like a case called SSL Services And in that case, this court affirmed the construction of one term Destination address And then they held that even if the district court erred in its construction Of the other challenged limitations The result the jury reached, the finding of non-infringement Would not change And that's so too here Okay, but I have no idea about the facts of that case Maybe there was a specific verdict that called out those elements I'm not sure There was not a specific verdict But the point is here, your honor Well, the claim construction issue may be a little different And what we have in front of us here, too Yes, I understand, your honor So Because we have a uniform claim construction That runs across a number of claims I mean, this is the problem You all put these general verdicts before the jury And then you come up on a case like this And if you win on one but not the other How do I know that the jury verdict is rendered on the one you won on And not on the basis of the one you lost on? Yes, I understand, your honor Those are vacates and remands And you've got to start over So you'd do better if you had specific verdicts I understand, your honor And thank you for the point Here, light image data The only way the court can get to the appellant's view on that Is if they contradict what the appellant agreed with On claim construction below Did you ask for a special verdict? No, your honor I don't believe so And on the second point, on the order of steps It's their burden to demonstrate It's an abuse of discretion standard here It's their burden to demonstrate an absence of any evidence On the order of steps And they haven't done that In fact, if you look at the record Our expert witness testified that the accused products do those steps out of order Our fact witnesses testified that the accused products do those steps out of order And then their expert witness testified That he was not sure whether or not the code he actually relied on Was operational in the accused products And so the jury was in a position to weigh the credibility of that evidence Weigh the credibility of that testimony and make a determination So are you saying that he presented no contrary evidence If, say I affirm your claim construction on order of steps Which I'm going to do So assume that's the case So then, are you saying that there was no evidence under that claim construction That could have possibly led to anything other than the finding of non-infringement? What I'm saying your honor is They need to show an absence of any evidence that supports That supports the conclusion that the order of steps was out of order Your evidence was that in every instance That's correct Your system was doing the comparing and what not on the fly on every piece of information Yes And that there was no evidence of anyone in which it didn't That's correct And so you say well it doesn't really matter Whether how many they're supposed to be doing Whether it's a plurality or whatever Because if they're trying to make an argument that There was a limited number that didn't Then they would prevail And you're saying no in every instance That's correct And your honor the reason for my hesitation I was reluctant to say there's no evidence at all in the trial record That would support their side of the case They definitely presented a case It's just that their expert had to concede in cross-examination That he did not know whether or not the code he was relying on Was operational in the accused products And then a witness from Sony explained that in fact it was not And so all I'm saying is the jury was well positioned to balance The credibility of the competing testimony And reach a conclusion on that Anything further? The final point your honor And again we only get there if the court disagrees with us On both the light image data and on the order of steps Or possibly either one But go ahead And it's the question of an abstract idea So we presented the step two of the Alice analysis to the jury And the jury agreed that there was nothing added to the claims On top of an abstract idea And so then post-trial it was a little unusual And didn't the district court judge conclude That there was no evidence to support that jury verdict? No that's not right When did the district court judge conclude that? The district court concluded that step one was not satisfied your honor Okay And so that was a pure question of the law to the district court Well then what do you have to say about that? I'm sorry? Do you have something to say about that? Absolutely So if you look at the district court's finding on that your honor He referenced three things Frames, real time, and limited computational capabilities He said that these claims are not abstract because they include those concepts Why isn't this claim directed to solving the technical problem of rendering shadows in a 3D world in real time? Seems like that's a very specific technical problem And it seems like exactly what this claim sought to overcome Well that's not what the district court found your honor I don't care It's a question of law Sure Seems to me I will tell you Hands down Just in case You end up winning on step one And therefore we don't reach step two I think there's no question this is not directed to an abstract idea I don't even think it's close And I'm saying that for the record Because you may not be infringing But this is a patent that may be asserted in another context Not close There's no abstract idea here This is at least directed to the technical problem Of rendering shadows in 3D worlds in real time Thank you your honor Is your cross appeal conditional? Yes it is your honor So are you in essence saying that you are withdrawing your cross appeal In the event that we ruin your favor on the other issue? Yes your honor So would it be improper for us to reach the one on one issue if we wanted to? Is this patent expired? Yes the patent is expired I think you could reach the question if you wanted to But the way we presented it your honor I mean your cross appeal presents the issue Yes And if you're withdrawing your cross appeal You're in essence saying your cross appeal is moot If we ruin the favor of you I just wondered whether the court has the authority And that might be viewed as a rather aggressive act To reach out to decide an issue that the party is taking away from us But I just wondered if it's true You certainly do not need to reach the question your honor I'm asking whether we have the power to reach it I don't know the answer to that question your honor Okay thank you counsel Mr. Dutton you have some rebuttal time Thank you your honor The Essel case involved a situation where it was undisputed That the second theory of liability failed It couldn't exist it couldn't survive And because as a matter of law the second theory of liability Was not available as a choice for the jury to make The court found that in that case the general verdict rule didn't apply Because there wasn't the possibility that they agreed with one But disagreed with the other and disagreed with it Not on a valid basis Here there is no matter of law preclusion at all Regarding the sequence of steps issue We submitted evidence and it's cited in our brief Substantial evidence of the absence of Showing that they did the comparing And the comparing steps Before the combining step began There is an absence of that evidence and we did not concede anything They then they produced source code to us We went to trial on that source code It was produced as operative code But during the trial they had a witness slip in that Oh it's not operative I don't have any documents to prove that I don't have any substantiation to prove that But it's not operative we didn't concede that Did you ask for a specific verdict sheet? No we didn't your honor Excuse me both sides agreed to the general Yeah I mean you know we but the fact of the matter here Is that this court doesn't know which way the jury actually found The jury could have found for us on sequence of steps But didn't find for us on the storing of the If we were to see both issues as plain construction issues And we thought the district court got them right Then we don't have to worry about that Well the district court got them right He just misapplied them but yeah I got you I understand These are not plain construction issues You don't think they're plain construction issues They're not plain construction issues But if we did think they were Then we don't have to worry about the general verdict question I would say that's true because it's a question of law Yes your honor I think that's true And then the second thing is that once again I think it's vitally important for the court to recognize As the district court did in its claim construction That light image data was given to That construction had two aspects to it One was what is light image data It's 2D data representing etc etc That's what it is just like what is observer data But then when it comes to the perspective of that data That is an entirely different thing And the claim language in 1C as well as the claim construction Specify that it be in the observer's view And any contention that observer view And observer perspective is different It's just false Thank you your honor Thank you You need to touch on the cross appeal So you don't get a rebuttal Thank you Case over Thank you